UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO BONILLA URBINA,<br>Petitioner,<br>v.<br>CURRENT OR ACTING WARDEN OF CALIFORNIA CITY DETENTION FACILITY, et al.,<br>Respondents. | No. 1:26-cv-08020-DC-JDP<br><br>ORDER GRANTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. Nos. 1, 3) |

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 3), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.)

Noncitizens present without admission who are apprehended in the interior of the United States are subject to discretionary detention under 8 U.S.C. § 1226, not mandatory detention under § 1225(b)(2)(A). *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. July 30, 2026). Further, this court has previously addressed the legal issues raised by Count One of the petition. (Doc. No. 1 at 25–27.) Specifically, this court has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a

neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 818 F. Supp. 3d 1141 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 815 F. Supp. 3d 1113 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, 2026 WL 309563 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim).

On September 30, 2026, the court issued an order informing the parties that it was considering ruling directly on the petition and asking both parties whether they oppose simultaneous resolution of the motion for temporary restraining order and habeas petition. (Doc. No. 7.) The court also directed Respondents to address whether there are any factual or legal issues in this case that materially distinguish it from this court's prior orders in *Selis Tinoco*, *Labrador-Prato*, and *D.L.C.* (*Id.*)

On October 1, 2026, Respondents filed their opposition in which they distinguish Petitioner's claim from the cases cited above by emphasizing Petitioner's "numerous encounters with law enforcement . . . [m]ore specifically, and in pertinent part," Petitioner's July 9, 2026 conviction for failure to stop at the command of police, and July 18, 2026 conviction for operating a vehicle without insurance. (Doc. No. 9 at 1–2.) Respondents additionally allege that Petitioner has a charge pending for use or possession of drug paraphernalia. (*Id.* at 2.) Respondents attach to their amended opposition Petitioner's FBI RAP sheet reflecting these law enforcement interactions. (Doc. No. 10-1.) However, Respondents neither argue nor explain why Petitioner's criminal history renders inapplicable this court's previous determination that noncitizens previously released into the United States are entitled to a pre-deprivation bond hearing before they can be re-detained. Indeed, as numerous courts within the Ninth Circuit, including this court, have found, due process requires a pre-deprivation bond hearing even where a noncitizen is allegedly detained by immigration authorities in relation to criminal charges. *See Yi Yang v. Warden, Cent. Valley Annex*, No. 1:26-cv-07250-DC-AC, 2026 WL 2982933, at *2

(E.D. Cal. Oct. 5, 2026) (finding that release was appropriate for noncitizen detained without pre-deprivation bond hearing where the government "provide[d] the court with no argument as to how [the petitioner's criminal history] has any bearing on this case or the government's act of detaining Petitioner" pursuant to § 1226(a)); *Jose M.R. v. Warden, Cal. City Detention Ctr.*, No. 1:26-cv-05122-TLN-CSK, 2026 WL 2428079, at *5 (E.D. Cal. Aug. 19, 2026) (ordering the petitioner's release after emphasizing that "pre-deprivation notice and a hearing are possible and valuable to preventing erroneous deprivation of liberty" despite the petitioner's arrest for nonviolent offense); *Jean J.D. v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05675-TLN-SCR, 2026 WL 2210043, at *4 (E.D. Cal. July 31, 2026) (ordering the petitioner's immediate release where the government "fail[ed] to develop any substantive argument regarding why Petitioner's criminal history mitigates the risk of erroneous deprivation such that the government is justified in imprisoning him pending a hearing); *A.S. v. Hernandez*, No. 26-cv-01427-MLP, 2026 WL 1440066, at *3 (W.D. Wash. May 21, 2026) (ordering noncitizen with criminal record released where the "limited record ma[de] it difficult to ascertain what it was about [the noncitizen's] criminal history or circumstances that required ICE to effectuate Petitioner's arrest in the manner that it did and why it requires his ongoing detention").[1] Thus, Respondents fail to demonstrate that Petitioner's criminal history mitigates his due process right to a pre-deprivation bond hearing. Respondents did not indicate opposition to the court ruling on the merits of the petition together with the pending motion for a temporary restraining order in their opposition. (Doc. No. 9.) Given that Petitioner is proceeding *pro se* and the court will be granting the relief he seeks, the court will not await the filing of a reply by Petitioner as that would delay the relief he seeks in his petition.

---

[1] Respondents further argue that in *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022), the Ninth Circuit found that § 1226(a)'s procedures, "which provide for a *post-, not pre,* deprivation custody redetermination hearing . . . facially satisfy due process." (Doc. No. 8 at 3.) However, as courts in the Ninth Circuit have emphasized, the court "did not hold in *Rodriguez Diaz* that noncitizens facing removal under section 1226(a) have no due process right to a pre-deprivation hearing . . . [i]t held only that a noncitizen under section 1226(a) does not have a right to a *second* bond hearing when the only changed material condition since their first bond hearing is the duration of their detention." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025).

Because Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would materially distinguish it from the court's aforementioned prior decisions, the court will grant Petitioner's motion for temporary restraining order (Doc. No. 3) and petition for writ of habeas corpus (Doc. No. 1) as to Count One for the reasons set forth in the court's order in *Altin*.[2] Further, as the court found in *Altin*, the proper remedy for Respondents' failure to provide Petitioner with a constitutionally compliant pre-deprivation bond hearing is Petitioner's immediate release. *Id.* at 12–13.

Accordingly,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) and motion for a temporary restraining order (Doc. No. 3) are GRANTED as follows:

    a. Petitioner Pedro Bonilla Urbina (A-246-051-485) shall be released immediately from Respondents' custody with the same conditions he was subject to immediately prior to his detention on August 3, 2026. Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

    b. Respondents shall RETURN all of Petitioner's documents and possessions (e.g., identification, passport, work permit, Social Security card, etc.) upon his release from custody;

    c. Within three (3) days from the date of entry of this order, Respondents shall FILE a notice of compliance with this court confirming that Petitioner has been released in accordance with the above;

---

[2] Because the court is granting the petition on the due process claim (Count One), the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB (HC), 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1166 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release").

d. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and

e. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

2. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

3. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 9, 2026**

Dena Coggins
United States District Judge